IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN D. SLEDGE, In His Capacity As Personal Representative Of The Estate Of Rico Woodland, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 06-0742 (PLF)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Steven D. Sledge, in his capacity as personal representative of the Estate of Rico Woodland, deceased, brings this action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and alleges as follows:

### JURISDICTION AND VENUE

1.  This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

2.  Plaintiff is a resident of this District and a citizen of the District of Columbia. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e)(3) and 1402(b).

### PARTIES

3.  Plaintiff Steven D. Sledge is the duly-appointed personal representative of the Estate of the Rico Woodland, a/k/a Rico Sledge.

1

4. Plaintiff was appointed personal representative by the Superior Court of the District of Columbia on April 6, 2006. A Letter of Administration certifying Plaintiff as the personal representative of the Estate of Rico Woodland is attached as Exhibit A.

5. Defendant is the United States of America. The negligent and/or reckless acts and omissions giving rise to the claims asserted herein were committed by employees of the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice, at Federal Correctional Institution-Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania. These employees are collectively referred to herein as "Prison Employees."

6. Further negligent and/or reckless acts and omissions, giving rise to other claims discussed herein, were committed by employees of the BOP at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"). These employees are collectively referred to herein as "Medical Center Employees."

## FACTUAL ALLEGATIONS

7. On October 15, 2002, while serving a term of imprisonment at FCI-Allenwood, Rico Woodland was involved in an altercation with another inmate, Jesse L. Sparks.

8. Later that same day, Woodland was brutally attacked in his cell. The attack was carried out by several individuals including Sparks and another inmate, Ishmael Ford-Bey.

9. Sparks and Ford-Bey viciously beat and kicked Woodland, causing grave injuries to his entire body. The attack lasted approximately thirty minutes.

10. Before the attack, Prison Employees knew or should have known that Woodland was in grave danger. They failed to take <u>any</u> action to prevent the attack or protect Woodland.

11.   During the attack, Prison Employees knew or should have known that Woodland was being viciously assaulted. They failed to take <u>any</u> action to stop the attack or protect Woodland.

12.   Woodland suffered grievous injuries during the attack, including massive brain damage that left Woodland comatose for several months. When he later regained consciousness, Woodland endured terrible pain. He never regained the full use of his arms or legs; he was "functionally quadraparetic," and was never able to walk again; and he suffered severe psychological and emotional distress, including intense episodes of agitation and crying out, such that he was prescribed anti-psychotic medications.

13.   Nonetheless, with adequate sustenance and appropriate care, it may have been possible for Woodland to recover more fully. While he continued to suffer great pain, Woodland's condition improved while he was hospitalized at the Fort Worth Federal Medical Center in Fort Worth, Texas.

14.   After he regained consciousness, Woodland was able to resume contact with his family, including his mother Dianne Sledge, his daughter Angelique Higgins, his sister Teresa Sledge, and Plaintiff Steven Sledge, his brother.

15.   Woodland's chances at further recovery were soon lost. In March 2005, he was transferred to USMC-Springfield, where his condition deteriorated rapidly.

16.   Woodland did not receive adequate sustenance and/or medical care at USMC-Springfield. Medical Center Employees knew or should have known that Woodland was not receiving adequate care. Medical Center Employees nonetheless failed to provide adequate care.

17. Woodland complained to his family that he was receiving inadequate care at USMC-Springfield. At least one other inmate expressed similar concerns about the care Woodland was receiving.

18. Consequently, Woodland's family became anxious. His mother Dianne Sledge and sister Teresa Sledge attempted to visit him at USMC-Springfield. They requested and received permission from the responsible Medical Center Employees. They traveled more than one thousand miles by bus from Washington, D.C., to Springfield, Missouri.

19. Had Dianne Sledge and Teresa Sledge been allowed access to Woodland, they would have discovered first-hand the inadequacies in the care, treatment and sustenance Woodland was receiving. But when they arrived, Medical Center Employees prevented them from seeing Woodland in person. Dianne Sledge never saw her son again.

20. Rico Woodland died in federal custody on January 29, 2006. He was thirty-four years old.

## ADMINISTRATIVE PROCEEDINGS

21. On October 15, 2004, Woodland submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. Woodland alleged that the BOP failed to protect him from attack, and that the attack caused him severe personal injuries. He sought damages totaling $50,000,000. A copy of Woodland's claim is attached as Exhibit B.

22. The BOP denied Woodland's claim on the merits on October 24, 2005. A copy of the letter denying the claim is attached as Exhibit C.

23. Plaintiff filed this action on behalf of Woodland's Estate on April 24, 2006. A copy of Plaintiff's *pro se* complaint is attached as Exhibit D.

24. On November 29, 2006, Plaintiff submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. This claim alleges that the BOP negligently and/or recklessly caused the death of Rico Woodland by failing to protect him from attack, and seeks damages totaling $500,000. If the BOP denies the claim, Plaintiff will assert the claim in this Court. A copy of the claim is attached as Exhibit E.

25. On November 29, 2006, Plaintiff submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. This claim alleges that the BOP negligently and/or recklessly caused Rico Woodland to suffer personal injuries by failing to provide adequate sustenance and/or medical care, and seeks damages totaling $2,000,000. If the BOP denies the claim, Plaintiff will assert the claim in this Court. A copy of the claim is attached as Exhibit F.

26. On November 29, 2006, Dianne Sledge submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. This claim alleges that the BOP negligently and/or recklessly caused the death of Rico Woodland by failing to provide adequate sustenance and/or medical care, and seeks damages totaling $10,000,000. If the Bureau of Prisons denies the claim, Dianne Sledge will assert the claim in this Court. A copy of the claim is attached as Exhibit G.

## CLAIMS FOR RELIEF

### COUNT I

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1-26.

28. At all relevant times, Prison Employees at FCI-Allenwood were employees of the BOP, an agency of the United States Department of Justice.

29.     At all relevant times, Prison Employees were acting within the scope of their employment with the BOP.

30.     At all relevant times, Prison Employees and the BOP owed Rico Woodland a duty of reasonable care.  On October 15, 2002, they breached that duty.

31.     On or before October 15, 2002, Prison Employees knew or should have known that individuals at FCI-Allenwood, including Jesse L. Sparks and Ishmael Ford-Bey, posed a specific, concrete and immediate threat to Woodland's life.  Under those circumstances, Prison Employees had a specific duty to protect Woodland from attack.  Their failure to take any action was a breach of that duty.

32.     On October 15, 2002, Prison Employees knew or should have known that Woodland was being attacked by individuals including Jesse L. Sparks and Ishmael Ford-Bey.  Under those circumstances, Prison Employees had a specific duty to stop the attack or take other actions to protect Woodland.  Their failure to take any action was a breach of that duty.

33.     The aforementioned breaches of duty directly and proximately caused the injuries Woodland suffered in the attack.  Those injuries caused Woodland to suffer damages in an amount not less than $10,000,000.

34.     The administrative remedies for this claim have been exhausted.

35.     This claim survives Woodland's death and, under Pennsylvania law, may be maintained by the personal representative of his Estate.  Plaintiff is the duly appointed personal representative of the Estate.

WHEREFORE, Plaintiff requests that:

a.      the Court enter judgment in favor of Plaintiff;

    b.    the Court find that Plaintiff is entitled to damages in an amount not less than $10,000,000;

    c.    the Court find that Plaintiff is entitled to any other available relief, including but not limited to, attorneys fees; and

    d.    the Court order any other relief that is fair and equitable

Respectfully Submitted,

By    */s/ Thomas F. Connell*
Thomas F. Connell, DC Bar 289579
Demian S. Ahn, DC Bar 491109
Wilmer Cutler Pickering Hale and Dorr LLP
Attorneys for Plaintiff
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone (202) 663-6000
Fax (202) 663-6363

November 30, 2006

**CERTIFICATE OF SERVICE**

      I certify that on November 30, 2006, I electronically filed the foregoing FIRST AMENDED COMPLAINT via the Clerk of the Court, which will send notice of electronic filing to the following:

Marian L. Borum
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 Fourth Street, N.W. - Fourth Floor
Washington, D.C. 20530
(202) 514-6531 / (202) 514-8780 (fax)
marian.l.borum@usdoj.gov

*/s/ Demian S. Ahn*
Demian S. Ahn