## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————

| | |
|---|---|
| STEVEN D. SLEDGE, In His Capacity As Personal Representative Of The Estate Of Rico Woodland, Deceased; And DIANNE D. SLEDGE, ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No.  06-0742 (PLF) |
| ) | |
| v. ) | **THIRD AMENDED** |
| ) | **COMPLAINT** |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

—————————————————————

Plaintiffs Steven Sledge and Dianne Sledge bring this action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and allege as follows:

### JURISDICTION AND VENUE

1.    This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

2.    Plaintiffs are residents of this District and citizens of the District of Columbia. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(e)(3) and 1402(b).

### PARTIES

3.    Plaintiff Steven Sledge is the duly appointed personal representative of the Estate of Rico Woodland, a/k/a Rico Sledge.

4.    Plaintiff Steven Sledge was appointed personal representative by the Superior Court of the District of Columbia on April 6, 2006.  A Letter of Administration certifying him as the personal representative of the Estate of Rico Woodland is attached as Exhibit A.

1

5.      Plaintiff Dianne Sledge is the mother of Rico Woodland.

6.      Defendant is the United States of America.

7.      The negligent and/or reckless acts and omissions giving rise to the claims asserted in Counts I and II were committed by employees of the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice headquartered in Washington, D.C.  The specific employees committing those negligent and/or reckless acts and omissions were employed at Federal Correctional Institution-Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania.  These employees are collectively referred to herein as "Pennsylvania Prison Employees."

8.      The negligent and/or reckless acts and omissions giving rise to the claims asserted in Counts III, IV, V and VI were committed by employees of the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice headquartered in Washington, D.C.  The specific employees committing those negligent and/or reckless acts and omissions were employed at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield").  These employees are collectively referred to herein as "Missouri Medical Center Employees."

## FACTUAL ALLEGATIONS

9.      On October 15, 2002, while serving a term of imprisonment at FCI-Allenwood, Rico Woodland was involved in an altercation with another inmate, Jesse L. Sparks.

10.     Later that same day, Woodland was brutally attacked in his cell.  The attack was carried out by several individuals including Sparks and another inmate, Ishmael Ford-Bey.

11.     Sparks and Ford-Bey viciously beat and kicked Woodland, causing grave injuries to his entire body.  The attack lasted approximately thirty minutes.

2

12.     Before the attack, Pennsylvania Prison Employees knew—or should have known and but for their negligence would have known—that Woodland was in grave danger.  They failed to take <u>any</u> action to prevent the attack or protect Woodland.

13.     During the attack, Pennsylvania Prison Employees knew—or should have known and but for their negligence would have known—that Woodland was being viciously assaulted. They failed to take <u>any</u> action to stop the attack or protect Woodland.

14.     Woodland suffered grievous injuries during the attack, including massive brain damage that left Woodland comatose for several months.  When he later regained consciousness, Woodland endured terrible pain.  He never regained the full use of his arms or legs; he was "functionally quadraparetic," and was never able to walk again; and he suffered severe psychological and emotional distress, including intense episodes of agitation and crying out, such that he was prescribed anti-psychotic medications.

15.     Nonetheless, with adequate sustenance and appropriate care, it would have been possible for Woodland to recover more fully.  While he continued to suffer great pain, Woodland's condition improved while he was hospitalized at the Fort Worth Federal Medical Center in Fort Worth, Texas.

16.     After he regained consciousness, Woodland was able to resume contact with his family, including his mother Plaintiff Dianne Sledge, his daughter Angelic Higgins, his sister Teresa Sledge, and Plaintiff Steven Sledge, his brother.

17.     Woodland's chances at further recovery were soon lost.  In March 2005, he was transferred to USMC-Springfield, where his condition deteriorated rapidly.

18.     Woodland did not receive adequate sustenance and/or medical care at USMC-Springfield.  Missouri Medical Center Employees knew or should have known that Woodland

was not receiving adequate care.  Missouri Medical Center Employees nonetheless negligently

failed to provide adequate care.

19.    Woodland therefore suffered further injury at USMC-Springfield, including

severe pain, hunger, and illness.  He ultimately lost all chance of recovery.

20.    Woodland complained to his family that he was receiving inadequate care at

USMC-Springfield.  At least one other inmate expressed similar concerns about the care

Woodland was receiving.

21.    Consequently, Woodland's family became anxious.  Plaintiff Dianne Sledge,

along with her daughter (Woodland's sister) Teresa Sledge, sought to visit Woodland at USMC-

Springfield.  They requested and received approval from the responsible Missouri Medical

Center Employees.  Thereafter, on the approved dates in November 2005, and at great personal

expense on borrowed funds, they traveled more than one thousand miles by bus from

Washington, D.C., to USMC-Springfield in Springfield, Missouri.

22.    When Dianne and Teresa Sledge arrived at USMC-Springfield, they identified

themselves as Woodland's mother and sister, explained that they had previously received

permission to visit Woodland, and asked to see Woodland.

23.    Missouri Medical Center Employees were aware of the distance Dianne and

Teresa Sledge had traveled and the expenses they had incurred.  Missouri Medical Center

Employees were also aware of Woodland's failing health—and therefore knew or should have

known that Dianne Sledge and Rico Woodland might never have another opportunity to see each

other again.  Nonetheless—and despite previously approving visitation—Missouri Medical

Center Employees arbitrarily, irrationally and/or invidiously refused to allow Dianne Sledge to

see her son.  One of the Missouri Medical Center Employees said that, although she could arrange a visit with Woodland, she would not do so.  Dianne Sledge never saw her son again.

24.     Had Dianne and Teresa Sledge been allowed access to Woodland, they would have discovered first-hand the inadequacies in the care, treatment and sustenance Woodland was receiving.  They would have been able to advocate on Woodland's behalf, and might have compelled Missouri Medical Center Employees to provide adequate sustenance and care—and thereby saved Woodland's life.

25.     By their arbitrary, irrational, and/or invidious conduct refusing Dianne Sledge permission to see her son, Missouri Medical Center Employees caused Dianne Sledge severe emotional distress, including depression, dejection, hopelessness, sorrow, obsessive worry, sleeplessness, stomach pain, and headaches.

26.     By their arbitrary, irrational, and/or invidious conduct denying Woodland the opportunity to see his mother, Missouri Medical Center Employees caused Woodland severe emotional distress.  On information and belief, this included medically diagnosable and medically significant emotional distress.  This emotional distress in turn caused further deterioration in Woodland's physical health.

27.     Two months after he was denied the opportunity to see his mother, on January 29, 2006, Rico Woodland died in federal custody.  He was thirty-four years old.

## ADMINISTRATIVE PROCEEDINGS

28.     On October 15, 2004, Woodland submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543.  Woodland alleged that Pennsylvania Prison Employees failed to protect him from attack, and that the attack caused him

severe personal injuries. He sought damages totaling $50,000,000. A copy of Woodland's claim is attached as Exhibit B.

29.     The BOP denied Woodland's claim on the merits on October 24, 2005. A copy of the letter denying the claim is attached as Exhibit C.

30.     Plaintiff Steven Sledge filed this action on behalf of Woodland's Estate on April 24, 2006. A copy of his *pro se* complaint is attached as Exhibit D.

31.     On November 29, 2006, Plaintiff Steven Sledge submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. This wrongful death claim alleged that Pennsylvania Prison Employees negligently and/or recklessly caused the death of Rico Woodland by failing to protect him from attack, and sought damages totaling $500,000. The BOP denied the claim on May 31, 2007, asserting that the two-year statute of limitations barred the claim. The BOP took this action despite the fact that the wrongful death claim was submitted only ten months after Woodland died. A copy of the claim is attached as Exhibit E. A copy of the letter denying the claim is attached as Exhibit F.

32.     On November 29, 2006, Plaintiff Steven Sledge submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. This personal injury claim alleged that Missouri Medical Center Employees negligently and/or recklessly caused Rico Woodland to suffer personal injuries by failing to provide adequate sustenance and/or medical care, and sought damages totaling $2,000,000. The BOP denied the claim on the merits on May 24, 2007. A copy of the claim is attached as Exhibit G. A copy of the letter denying the claim is attached as Exhibit H.

33.     On November 29, 2006, Plaintiff Dianne Sledge submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. This

wrongful death claim alleged that Missouri Medical Center Employees negligently and/or recklessly caused the death of Rico Woodland by failing to provide adequate sustenance and/or medical care, and sought damages totaling $10,000,000. The BOP denied the claim on the merits on May 24, 2007. A copy of the claim is attached as Exhibit I. A copy of the letter denying the claim is attached as Exhibit J.

34.    On June 14, 2007, Plaintiff Steven Sledge submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. The claim alleged that Missouri Medical Center Employees arbitrarily, irrationally, and/or invidiously refused Dianne Sledge permission to visit Rico Woodland in November 2005, thereby denying Woodland the opportunity to meet with his mother. Missouri Medical Center Employees therefore tortiously inflicted severe emotional distress on Rico Woodland. The claim sought damages of $100,000. The BOP denied this claim on the merits on July 20, 2007. A copy of the claim is attached as Exhibit K. A copy of the letter denying the claim is attached as Exhibit L.

35.    On June 14, 2007, Plaintiff Dianne Sledge submitted an administrative claim for relief pursuant to 28 U.S.C. § 2675, 28 C.F.R. § 14 and 28 C.F.R. § 543. The claim alleged that Missouri Medical Center Employees arbitrarily, irrationally, and/or invidiously refused Dianne Sledge permission to visit Rico Woodland in November 2005. Missouri Medical Center Employees therefore tortiously inflicted severe emotional distress on Dianne Sledge. The claim sought damages of $100,000. The BOP denied this claim on the merits on July 20, 2007. A copy of the claim is attached as Exhibit M. A copy of the letter denying the claim is attached as Exhibit N.

## CLAIMS FOR RELIEF

## COUNT I

### (Pennsylvania Personal Injury Claim By Steven Sledge)

36.     Plaintiffs repeat and reallege the above allegations contained in paragraphs 1-35.

37.     At all relevant times, Pennsylvania Prison Employees at FCI-Allenwood were employees of the BOP, an agency of the United States Department of Justice.

38.     At all relevant times, Pennsylvania Prison Employees were acting within the scope of their employment with the BOP.

39.     At all relevant times, Pennsylvania Prison Employees and the BOP owed Rico Woodland a duty of reasonable care.  On October 15, 2002, they breached that duty.

40.     On or before October 15, 2002, Pennsylvania Prison Employees knew—or should have known and but for their negligence would have known—that individuals at FCI-Allenwood, including Jesse L. Sparks and Ishmael Ford-Bey, posed a specific, concrete and immediate threat to Woodland's life.  Thus, Pennsylvania Prison Employees either:

> (a)     knew about the threat to Woodland's life and had a specific mandatory duty to take some action, but instead abdicated their duties and failed to take any action; or
>
> (b)     had specific duties to monitor inmate activities, but negligently executed and breached those duties, and thereby failed to discover the threat to Woodland's life.

41.     On October 15, 2002, Pennsylvania Prison Employees knew—or should have known and but for their negligence would have known—that Woodland was being attacked by individuals including Jesse L. Sparks and Ishmael Ford-Bey.  Thus, Pennsylvania Prison Employees either:

8

(a) knew Woodland was being attacked and had a specific mandatory duty to take some action, but instead abdicated their duties and failed to take any action; or

(b) had specific duties to monitor inmate activities, but negligently executed and breached those duties, and thereby failed to discover the attack on Woodland.

42. The aforementioned breaches of duty, cited above in paragraphs 39-41, directly and proximately caused the injuries Woodland suffered in the attack. Those injuries caused Woodland to suffer damages in an amount not less than $10,000,000.

43. The administrative remedies for this claim have been exhausted.

44. This claim survives Woodland's death and, under Pennsylvania law, may be maintained by the personal representative of his Estate. Plaintiff Steven Sledge is the duly appointed personal representative of the Estate.

## COUNT II

### (Pennsylvania Wrongful Death Claim By Steven Sledge)

45. Plaintiffs repeat and reallege the above allegations contained in paragraphs 1-44.

46. At all relevant times, Pennsylvania Prison Employees at FCI-Allenwood were employees of the BOP, an agency of the United States Department of Justice.

47. At all relevant times, Pennsylvania Prison Employees were acting within the scope of their employment with the BOP.

48. At all relevant times, Pennsylvania Prison Employees and the BOP owed Rico Woodland a duty of reasonable care. On October 15, 2002, they breached that duty.

49.     On or before October 15, 2002, Pennsylvania Prison Employees knew—or should have known and but for their negligence would have known—that individuals at FCI-Allenwood, including Jesse L. Sparks and Ishmael Ford-Bey, posed a specific, concrete and immediate threat to Woodland's life.  Thus, Pennsylvania Prison Employees either:

(a)     knew about the threat to Woodland's life and had a specific mandatory duty to take <u>some</u> action, but instead abdicated their duties and failed to take <u>any</u> action; or

(b)     had specific duties to monitor inmate activities, but negligently executed and breached those duties, and thereby failed to discover the threat to Woodland's life.

50.     On October 15, 2002, Pennsylvania Prison Employees knew—or should have known and but for their negligence would have known—that Woodland was being attacked by individuals including Jesse L. Sparks and Ishmael Ford-Bey.  Thus, Pennsylvania Prison Employees either:

(a)     knew Woodland was being attacked and had a specific mandatory duty to take <u>some</u> action, but instead abdicated their duties and failed to take <u>any</u> action; or

(b)     had specific duties to monitor inmate activities, but negligently executed and breached those duties, and thereby failed to discover the attack on Woodland.

51.     The aforementioned breaches of duty, cited above in paragraphs 48-50, directly and proximately caused the death of Rico Woodland.  Woodland's wrongful death caused his Pennsylvania statutory beneficiaries (including his mother Plaintiff Dianne Sledge and his

children Angelic Higgins, Andrea Henson, and Eric Harper), to suffer damages in an amount not less than $500,000.

52.     The administrative remedies for this claim have been exhausted.

53.     Under Pennsylvania law, this claim may be maintained by the personal representative of Woodland's Estate for the benefit of Woodland's Pennsylvania statutory beneficiaries (including his mother Plaintiff Dianne Sledge and his children Angelic Higgins, Andrea Henson, and Eric Harper).  Plaintiff Steven Sledge is the duly appointed personal representative of the Estate.

## COUNT III

### (Missouri Personal Injury Claim By Steven Sledge)

54.     Plaintiffs repeat and reallege the above allegations contained in paragraphs 1-53.

55.     At all relevant times, Missouri Medical Center Employees at USMC-Springfield were employees of the BOP, an agency of the United States Department of Justice.

56.     At all relevant times, Missouri Medical Center Employees were acting within the scope of their employment with the BOP.

57.     At all relevant times, Missouri Medical Center Employees and the BOP owed Rico Woodland a duty of reasonable care.  Beginning in approximately March 2005, they breached that duty.

58.     Beginning in approximately March 2005, and until his death on January 29, 2006, Woodland was in the exclusive care and custody of Missouri Medical Center Employees at USMC-Springfield.  Throughout that time Missouri Medical Center Employees knew or should have known that Woodland was not receiving adequate sustenance and care.  Under those circumstances, Missouri Medical Center Employees had a specific duty to provide Woodland

11

adequate sustenance and care.  Their negligent failure to provide adequate sustenance and care

was a breach of that duty.

59.     The aforementioned breaches of duty, cited above in paragraphs 57-58, directly

and proximately caused Woodland to suffer injuries, including severe pain, hunger, illness, and

lost chance of recovery.  Those injuries caused Woodland to suffer damages in an amount not

less than $2,000,000.

60.     The administrative remedies for this claim have been exhausted.

61.     This claim survives Woodland's death and, under Missouri law, may be

maintained by the personal representative of his Estate.  Plaintiff Steven Sledge is the duly

appointed personal representative of the Estate.


## COUNT IV

### (Missouri Wrongful Death Claim By Dianne Sledge)

62.     Plaintiffs repeat and reallege the above allegations contained in paragraphs 1-61.

63.     At all relevant times, Missouri Medical Center Employees at USMC-Springfield

were employees of the BOP, an agency of the United States Department of Justice.

64.     At all relevant times, Missouri Medical Center Employees were acting within the

scope of their employment with the BOP.

65.     At all relevant times, Missouri Medical Center Employees and the BOP owed

Rico Woodland a duty of reasonable care.  Beginning in approximately March 2005, they

breached that duty.

66.     Beginning in approximately March 2005, and until his death on January 29, 2006,

Woodland was in the exclusive care and custody of Missouri Medical Center Employees at

USMC-Springfield.  Throughout that time Missouri Medical Center Employees knew or should

12

have known that Woodland was not receiving adequate sustenance and care. Under those circumstances, Missouri Medical Center Employees had a specific duty to provide Woodland adequate sustenance and care. Their negligent failure to provide adequate sustenance and care was a breach of that duty.

67. The aforementioned breaches of duty, cited above in paragraphs 65-66, directly and proximately caused the death of Rico Woodland. Woodland's wrongful death caused his Missouri statutory beneficiaries (including his mother Plaintiff Dianne Sledge and his children Angelic Higgins, Andrea Henson, and Eric Harper) to suffer damages in an amount not less than $10,000,000.

68. The administrative remedies for this claim have been exhausted.

69. Under Missouri law, this claim may be maintained by Plaintiff Dianne Sledge and damages may be awarded to Dianne Sledge and other Missouri statutory beneficiaries (including his children Angelic Higgins, Andrea Henson, and Eric Harper).

## COUNT V

### (Missouri Intentional/Negligent Infliction of Emotional Distress Claim By Steven Sledge)

70. Plaintiffs repeat and reallege the above allegations contained in paragraphs 1-69.

71. At all relevant times, Missouri Medical Center Employees at USMC-Springfield were employees of the BOP, an agency of the United States Department of Justice.

72. At all relevant times, Missouri Medical Center Employees were acting within the scope of their employment with the BOP.

73. At all relevant times, Rico Woodland was in the exclusive care and custody of Missouri Medical Center Employees and the BOP. Missouri Medical Center Employees and the BOP owed Rico Woodland a duty of reasonable care. In November 2005, they breached that

13

duty by arbitrarily, irrationally, and/or invidiously denying Woodland the opportunity to see his mother—despite the facts that they (1) knew that Dianne Sledge had previously received permission for the visit; (2) were aware of the distance Dianne Sledge had traveled and the expenses she had incurred; (3) were aware of Woodland's failing health; (4) knew or should have known, in light of Woodland's health, that Dianne Sledge and Rico Woodland might never have another opportunity to see each other again; (5) knew or should have known that their conduct involved unreasonable risks to Woodland's emotional and physical health; and (6) had no legitimate justification for denying Dianne Sledge access to her son, or for denying Woodland the opportunity to see his mother.

74.     This conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

75.     By their conduct described in paragraphs 73-74, Missouri Medical Center Employees intentionally, recklessly, and/or negligently caused Woodland severe emotional distress, including medically diagnosable and medically significant emotional distress, which in turn caused further deterioration in Woodland's physical health.

76.     The administrative remedies for this claim have been exhausted.

77.     This claim survives Woodland's death and, under Missouri law, may be maintained by the personal representative of his Estate.  Plaintiff Steven Sledge is the duly appointed personal representative of the Estate.

## COUNT VI

### (Missouri Intentional Infliction of Emotional Distress Claim By Dianne Sledge)

78.     Plaintiffs repeat and reallege the above allegations contained in paragraphs 1-77.

14

79.     At all relevant times, Missouri Medical Center Employees at USMC-Springfield were employees of the BOP, an agency of the United States Department of Justice.

80.     At all relevant times, Missouri Medical Center Employees were acting within the scope of their employment with the BOP.

81.     In November 2005, Missouri Medical Center Employees arbitrarily, irrationally and/or invidiously refused to allow Dianne Sledge to see her son Rico Woodland—despite the fact that those same Missouri Medical Center Employees (1) knew that Dianne Sledge had previously received permission for the visit; (2) were aware of the distance Dianne Sledge had traveled and the expenses she had incurred; (3) were aware of Woodland's failing health; (4) knew or should have known, in light of Woodland's health, that Dianne Sledge and Rico Woodland might never have another opportunity to see each other again; (5) knew or should have known that their conduct involved unreasonable risks to Woodland's emotional and physical health; and (6) had no legitimate justification for denying Dianne Sledge access to her son, or for denying Woodland the opportunity to see his mother.

82.     This conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

83.     By their conduct described in paragraphs 81-82, Missouri Medical Center Employees intentionally and/or recklessly caused Dianne Sledge severe emotional distress.

84.     The administrative remedies for this claim have been exhausted.

**WHEREFORE**, Plaintiffs request:

a.     that the Court enter judgment in favor of Plaintiffs;

b.      that, in connection with Count I, the Court award the Estate of Rico Woodland damages in an amount not less than $10,000,000;

c.      that, in connection with Count II, the Court award Woodland's Pennsylvania statutory beneficiaries (including his mother Plaintiff Dianne Sledge and his children Angelic Higgins, Andrea Henson, and Eric Harper) damages in an amount not less than $500,000;

d.      that, in connection with Count III, the Court award the Estate of Rico Woodland damages in an amount not less than $2,000,000;

e.      that, in connection with Count IV, the Court award Plaintiff Dianne Sledge and Woodland's other Missouri statutory beneficiaries (including his children Angelic Higgins, Andrea Henson, and Eric Harper), damages in an amount not less than $10,000,000;

f.      that, in connection with Count V, the Court award the Estate of Rico Woodland damages in an amount not less than $100,000;

g.      that, in connection with Count VI, the Court award Plaintiff Dianne Sledge damages in an amount not less than $100,000;

h.      that the Court award Plaintiffs any other available relief, including but not limited to, attorneys' fees; and

i.      that the Court order any other relief that is fair and equitable.

This 7th day of September, 2007           Respectfully Submitted,

By    */s/ Thomas F. Connell*
        Thomas F. Connell, DC Bar 289579
        Demian S. Ahn, DC Bar 491109
        Wilmer Cutler Pickering Hale and
        Dorr LLP
        Attorneys for Plaintiff
        1875 Pennsylvania Avenue NW
        Washington, DC 20006
        Telephone (202) 663-6000
        Fax (202) 663-6363

EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Probate Division
### Washington, D.C. 20001

Administration No.   2006 ADM 000352

## LETTERS OF ADMINISTRATION

To all persons who may be interested in the Estate of

**RICO WOODLAND** _____, deceased:

Administration of the Estate of the deceased has been granted on   **April 6, 2006** _____

to   **STEVEN D SLEDGE, Personal Representative** _____

(and the will of the deceased was probated on _____ ).

This administration ☐ is   ☒ is not  subject to the continuing supervision of the Court.

The powers of the personal representative ☒ are not limited   ☐ are limited as follows:

_____

_____

_____

_____

The appointment is in full force and effect as of this date.

**WITNESS:**

*Constance B. Starks*

DATE:   **April 6, 2006** _____

Register of Wills
Clerk of the Probate Division

**NOTE:  Document Invalid Without Embossed Court Seal**

Ltrsa.doc Page 1
Created on 5/18/2004 2:28 PM

# EXHIBIT B

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse for additional instructions | FORM APPROVED OMB No. 1105-0008 Expires 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency | 2. Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse.) (Number, street, city, State, and Zip Code) |
|---|---|
| United States Bureau of Prisons Office of General Counsel 320 First Street, NW Suite 977 Washington, DC 20534 | RICO WOODLAND A/K/A RICO SLEDGE 832 Barnaby Street, S.E. Apt. #304 Washington, D.C. 20032 Attorney and Personal Representative: James Thomas Maloney, Esq., Maloney & Mohsen PLLC, 4201 Connecticut Avenue, NW, Suite 500, Washington, DC 20008-1163    (202) 237-6800 |

| 3. TYPE OF EMPLOYMENT Military __ Civilian ☑ | 4. DATE OF BIRTH 3/7/71 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Tuesday, October 15, 2002 | 7. TIME (A.M. OR P.M.) Unknown |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

On October 15, 2002, the Claimant Rico Woodland a/k/a Rico Sledge, Federal Register No. 10822-007, was serving a sentence of incarceration at FCI Allenwood (Medium) in White Deer, Pennsylvania. At the aforesaid time and place, the Claimant was viciously assaulted by a number of other inmates of that institution including, but possibly not limited to, Jesse Sparks and Ishmael Ford-Bey. That attack subsequently gave rise to the criminal case of United States v. Jesse Ford and Ishmael Ford-Bey, USAO Number 2003R00676, Court Docket Number 4:CR:-03-364, which was prosecuted in the United States District Court For the Middle District of Pennsylvania.

Had the United States Bureau of Prisons properly supervised Jesse Sparks, Ishmael Ford-Bey, and any other assailants, the attack on the Claimant would not have occurred.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE, AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Not applicable.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

As a direct and proximate result of the attack, the Claimant suffered severe head injuries which caused him to lapse into a coma; suffered irreversible brain and neurological damage which has effected his cognitive, speech, hearing, and other mental faculties; and suffered other severe, painful, and possibly permanent injuries to his body.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Rico Woodland a/k/a Rico Sledge | Fort Worth Federal Medical Center P.O. Box 15330 Fort Worth, TX 76119 |

**12. (See instructions on reverse)     AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| Not applicable | $50,000,000.00 | | $50,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) By James T. Maloney Attorney and Personal Representative | 13b. Phone number of signatory (202) 237-6800 Ext. 202 | 14. DATE OF CLAIM October 15, 2004 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C. 287.) |

| 95-108 | NAN 7540-00-4046 | STANDARD FORM 95 (Rev. 7-85) |
|---|---|---|
| Previous editions not usable | | PRESCRIBED BY DEPT. OF JUSTICE 28 C.F.R. 14-2 |

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. **Authority** The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301,28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R., Part 14.

B. **Principal Purpose** The information requested is to be used in evaluating claims.

C. **Routine Use** See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. **Effect of Failure to Respond** Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

A. In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

B. In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

C. In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

D. Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim. And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden.

To: Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? □ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.    □ No.

No.

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Not applicable.

17. If deductible, state amount

Not applicable.

18. If a claim has been filed with carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not applicable.

19. Do you carry public liability and property damage insurance? □ Yes, if yes, give name and address of insurance carrier *(Number, street, city, State, and Zip Code)* and policy number.    □ No.

No.

SF 95 (Rev. 7-85) BACK

\* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

EXHIBIT C



U.S. Department of Justice

Federal Bureau of Prisons
*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House - 7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

October 24, 2005

James Thomas Maloney, Esquire
Maldney & Mohsen, PLLC
4201 Connecticut Avenue, N.W.
Suite 500
Washington, D.C.   20008-1163

RE: Administrative Tort Claim No. TRT-NER-2005-00259
     On Behalf of Rico Woodland, Reg. No. 10822-007

Dear Mr. Maloney:

This is in response to the Administrative Tort Claim, No.
TRT-NER-2005-00259, filed on behalf of Rico Woodland.  It was
properly received by this agency on May 20, 2005, and is being
considered for settlement as provided by the Federal Tort Claims
Act (FTCA) 28 U.S.C. § 2672, under authority delegated to me by
28 C.F.R. § 543.30.  Your client seeks compensatory damages in
the amount of $50,000,000.00 for an alleged personal injury.
Specifically, you claim your client was assaulted by other
inmates while incarcerated at the Federal Correctional
Institution (FCI) Allenwood, in White Deer, Pennsylvania, on or
about October 15, 2002, causing severe permanent injuries.  You
further claim staff at that institution failed to properly
supervise the assailants, which resulted in this incident.

After careful review of your claim, I have decided not to offer a
settlement.  Investigation reveals on October 15, 2002, your
client was involved in an altercation with another inmate.  After
the incident, your client changed his clothes and cleaned up the
injuries he may have sustained.  Your client failed to notify
staff of the incident.  He also failed to advise staff of any
concerns he may have had for his personal safety.  The record
indicates he attempted to hide the initial altercation from
staff.  Staff later discovered your client laying in his cell,
appearing to have been the victim of an assault.  He was provided
immediate medical attention for his injuries, including transport
to a community hospital.  There is no evidence to suggest staff
had prior notice that your client may be in danger of assault.

James Thomas Maloney, Esquire
RE: Rico Woodland, Reg. No. 10822-007
Claim No. TRT-NER-2005-00259
Page Two


Without prior knowledge of a specific problem, the Bureau of
Prisons cannot be held responsible for the acts of other inmates.
Your client's failure to properly advise staff of his alleged
problems with the other inmate(s) prevented staff from taking any
action to protect him.  There is no evidence of negligence on the
part of any Bureau of Prisons' staff in this matter.

Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may bring an action against the United States
in an appropriate United States District Court within six (6)
months of the date of this letter.

Sincerely,


Henry J. Sadowski
Regional Counsel

cc: Troy Williamson, Warden, FCI Allenwood

# EXHIBIT D

**FILED**

APR 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVEN SLEDGE as Personal Representative of the Estate of RICO WOODLAND, deceased 1811 Gainesville Street, SE Apartment B Washington, D.C. 20020 | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| UNITED STATES BUREAU OF PRISONS Serge: Office of General Counsel 320 First Street, NW Suite 977 Washington, D.C. 20534 | ) ) ) ) ) ) |
| And | ) ) |
| Serve: Attorney General for The United States 10th and Constitution Avenue, NW Washington, D.C. 20004 | ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No.

**JURY ACTION**

CASE NUMBER 1:06CV00742

JUDGE: Paul L. Friedman

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 04/24/2006

## COMPLAINT

ON October 15 2002, the claimant Rico Woodland AKA Rico Sledge, Federal Register NO 10822-007 was serving a sentence of incarceration at FCI Allenwood (Medium) in White Deer pennsylvania. At the Aforesaid Time and place, the claimant was visiously assaulted by

1

1

A number of other inmates of that institution including, but not possibly limited to, Jesse Sparks and Ishmael Ford Bey. That attack subsequently gave rise to the Crimanal Case of United States V Jesse Sparks and Ishmael Ford Bey. USAO Number 2003 R00676, court Docket number 4: CR-03,364, which was prosecuted in the United States District court for the Middle District of Pennsylvania.

Furthermore, Had the United States Burea of prisons properly supervised Jesse Spark & Ishmael Ford Bey and any other assailants The attack on the climant would not have occured. Even more, Had the United States Bureau of prisons Had Given Mr. Rico Woodland adequate medical Care He would not have past on January 29th 2006. Trial by Jury requested.

Steven Sledge
1811 Gainesville St. S.E. #B
Washington D.C. 2000

#202-332-1723

# EXHIBIT E

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Bureau of Prisons Northeast Regional Office<br>U.S. Customs House, 7th Floor, 2nd and Chestnut Street,<br>Philadelphia, Pennsylvania 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Steven Sledge, Personal Representative of the Estate of Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007), Deceased.<br>1811 Gainesville Street S.E., Apartment B<br>Washington, D.C. 20020 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>October 27, 1973 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>January 29, 2006 | 7. TIME (A.M. OR P.M.)<br>11:45 A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On October 15, 2002, while he was incarcerated at Federal Correctional Institution Allenwood, Rico Woodland was assaulted by individuals including inmates Jesse Sparks and Ishmael Ford-Bey. Woodland suffered severe injuries and ultimately died. On or before October 15, 2002, Federal Bureau of Prisons ("BOP") knew or should have known that Woodland was in danger of assault, but failed to take any action to protect Woodland. On October 15, 2002, the BOP knew or should have known that Woodland was under attack, but failed to take any action to protect Woodland. The BOP's negligent and/or reckless failure to take action was a proximate cause of Woodland's death in federal custody on January 29, 2006.

In addition to this claim, Woodland's Estate and Woodland's family members have submitted three other independent but related claims, including a claim now pending in the U.S. District Court for the District of Columbia, Sledge v. United States, Case No. 06-0742. Copies of the relevant claim documents are attached.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The BOP's negligent and/or reckless failure to take any action to protect Woodland proximately caused the attack, during which Woodland suffered the severe injuries that proximately caused his death. As a result of his death, Woodland's family, including his mother and children, suffered damages including the loss of companionship, loss of parental and filial support, economic damages and special damages in the form of burial costs. Steven Sledge, personal representative of Woodland's estate, submits this claim on behalf of Woodland's eligible family members pursuant to the Federal Tort Claims Act and Pennsylvania Law.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH<br>$500,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Steven Sledge* | 13b. Phone number of person signing form<br>202-248-3468 | 14. DATE OF SIGNATURE<br>11-29-06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

| INSURANCE COVERAGE |
| --- |

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes   ☐ No

Not Applicable

17. If deductible, state amount.

Not Applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance? ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is *solely* for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

EXHIBIT F



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

U.S. Custom House
2nd & Chestnut Streets - 7ᵗʰ Floor
Philadelphia, PA. 19106

May 31, 2007

Steven Sledge
1811 Gainesville Street, S.E., Apt. B
Washington, D.C. 20020

Re:  Your Administrative Claim Received December 6, 2006
     Claim No. TRT-NER-2007-01132
     Representative for the Estate of Rico Woodland

Dear Mr. Sledge:

This office has reviewed your administrative tort claim wherein
you seek compensation in the amount of $500,000.00 for the alleged
wrongful death of Rico Woodland.  Mr. Woodland was an inmate at
the Federal Correctional Institution, Allenwood, White Deer,
Pennsylvania, where he was allegedly assaulted, and suffered
injuries on October 15, 2002.

According to Title 28, United States Code, Section 2401(b), "A
tort claim against the United States <u>shall be forever barred</u>
<u>unless it is presented in writing to the appropriate Federal</u>
<u>agency within two years after such claim accrues</u> or unless action
is begun within six months after the date of mailing by certified
or registered mail, or notice of final denial of the claim by the
agency to which it was presented."

After additional review of your claim, it has been determined you
failed to submit your administrative tort claim within the time
restrictions contained in the applicable statutes and federal
regulations.  Accordingly, your claim is being rejected.

Sincerely,

Henry J. Sadowski
Regional Counsel

# EXHIBIT G

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Bureau of Prisons North Central Regional Office<br>Gateway Complex, Inc., Tower II, 8th Floor, 4th and State Avenue<br>Kansas City, Kansas 66101–2492 | Steven Sledge, Personal Representative of the Estate of Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007), Deceased.<br>1811 Gainesville Street S.E., Apartment B<br>Washington, D.C. 20020 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>October 27, 1973 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>Spring 2005 - January 29, 2006 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On October 15, 2002, while he was incarcerated at Federal Correctional Institution Allenwood, Rico Woodland was assaulted by individuals including inmates Jesse Sparks and Ishmael Ford-Bey. Woodland suffered severe injuries and was transferred to various hospitals and medical facilities.

In March 2005, Woodland was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri. Over the following months, personnel at USMC-Springfield negligently and/or recklessly failed to provide Woodland adequate sustenance and/or adequate medical care. That negligence and/or recklessness proximately caused Woodland severe pain, hunger, and illness until his death on January 29, 2006.

In addition to this claim, Woodland's Estate and Woodland's family members have submitted three other independent but related claims, including a claim now pending in the U.S. District Court for the District of Columbia, Sledge v. United States, No. 06-0742. Copies of the relevant claim documents are attached.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The Federal Bureau of Prisons, through its employees at USMC Springfield, negligently and/or recklessly failed to provide adequate sustenance and/or medical care to Rico Woodland while he was in federal custody, causing him to suffer severe pain, hunger, and illness. This negligence and/or recklessness and the resulting suffering began shortly after Woodland arrived at USMC Springfield, and continued until his death on January 29, 2006. Steven Sledge, personal representative of Woodland's estate, submits this claim on behalf of Woodland's estate pursuant to the Federal Tort Claims Act and Missouri Law.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $2,000,000.00 | | $2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Steven D Sledge* | 13b. Phone number of person signing form<br>202-248-3466 | 14. DATE OF SIGNATURE<br>11-29-06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes   ☐ No

Not Applicable

17. If deductible, state amount.

Not Applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

# EXHIBIT H



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

400 State Avenue
Tower II, Suite 800
Kansas City, KS  66101

**MAY 2 4 2007**

Steven Sledge
1811 Gainesville Street S.E.
Apartment B
Washington, DC 20020

Re:    Administrative Claim Number TRT-NCR-2007-01011
       Personal Injury: $2,000,000.00
       Estate of Rico Woodland, Register No. 10822-007, Deceased

### CERTIFIED NUMBER 7005 1820 0002 3373 4359

Dear Mr. Sledge:

The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>. Investigation of your claim did not reveal Mr. Rico Woodland suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.  This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

# EXHIBIT I

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Bureau of Prisons North Central Regional Office<br>Gateway Complex, Inc., Tower II, 8th Floor, 4th and State Avenue<br>Kansas City, Kansas 66101–2492 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Dianne D. Sledge, mother of Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007), Deceased.<br>1811 Gainesville Street, S.E., Apt. B<br>Washington DC, 20020 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>March 6, 1948 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>January 29, 2006 | 7. TIME (A.M. OR P.M.)<br>11:45 A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On October 15, 2002, while he was incarcerated at Federal Correctional Institution Allenwood, Rico Woodland was assaulted by individuals including inmates Jesse Sparks and Ishmael Ford-Bey. Woodland suffered severe injuries and was transferred to various hospitals and medical facilities.

In March 2005, Woodland was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri. Over the following months, personnel at USMC-Springfield negligently and/or recklessly failed to provide Woodland adequate sustenance and/or adequate medical care. That negligence and/or recklessness proximately caused Woodland's death on January 29, 2006.

In addition to this claim, Woodland's Estate and Woodland's family members have submitted three other independent but related claims, including a claim pending in the U.S. District Court for the District of Columbia, Sledge v. United States, No. 06-0742. Copies of the relevant claim documents are attached.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Woodland died as a direct and proximate result of the negligent and/or reckless failures in the provision of sustenance and/or medical care while he was at USMC Springfield. As a result of his death, Woodland's family, including his mother and children, suffered damages including the loss of companionship, loss of parental and filial support, economic damages and special damages in the form of burial costs. Pursuant to the Federal Tort Claims Act and Missouri Law, Diane Sledge, Woodland's mother, submits this claim to recover her damages and damages suffered by other eligible members of Woodland's family.

| 11. | | WITNESSES |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH<br>$10,000,000 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$10,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>Dianne Sledge | 13b. Phone number of person signing form<br>(202) 248-3466 | 14. DATE OF SIGNATURE<br>11/29/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                                NSN 7540-00-634-4046                                STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No

Not Applicable

17. If deductible, state amount.

Not Applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95    BACK

# EXHIBIT J

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: SLEDGE, D.  07-1012
Street, Apt. No.; or PO Box No. 1811 GAINESVILLE ST SE # B
City, State, ZIP+4 WASHINGTON, DC 20020

PS Form 3800, June 2002        See Reverse for Instructions

7005 1820 0002 3373 4366

**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

MAY 2 4 2007

Diane Sledge
1811 Gainesville Street S.E.
Apartment B
Washington, DC 20020

Re:    Administrative Claim Number TRT-NCR-2007-01012
       Personal Injury: $10,000,000.00
       Estate of Rico Woodland, Register No. 10822-007, Deceased

**CERTIFIED NUMBER 7005 1820 0002 3373 4366**

Dear Ms. Sledge:

The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, Authority: Federal Tort Claims and 28 C.F.R. Part 14, Administrative Claims Under Federal Tort Claims Act. Investigation of your claim did not reveal Mr. Rico Woodland suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

# EXHIBIT K

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Bureau of Prisons North Central Regional Office Gateway Complex, Inc., Tower II, 8th Floor, 4th and State Avenue Kansas City, Kansas 66101–2492 | Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No. 10822-007), Deceased 1811 Gainesville Street S.E., Apartment B Washington, D.C. 20020 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 3/7/71 (Woodland) | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT November 2005 | 7. TIME (A.M. OR P.M.) Ongoing |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

In November 2005, employees of the Federal Bureau of Prisons, an agency of the United States Department of Justice, at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"), arbitrarily prohibited Dianne Sledge from visiting her ailing son, Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007). (See attached.)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)
Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The Federal Bureau of Prisons, through its employees at USMC-Springfield, negligently or intentionally inflicted emotional distress on Rico Woodland and Dianne Sledge by arbitrarily prohibiting Dianne Sledge from visiting her ailing son, Rico Woodland. (See attached.)

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) | |
| | $100,000.00 | | $100,000.00 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| *Dianne Sledge* | 202-248-3466 | 6-13-2007 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                        NSN 7540-00-634-4046                        STANDARD FORM 95
                                                                         PRESCRIBED BY DEPT. OF JUSTICE
                                                                         28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes  ☐ No

Not Applicable

17. If deductible, state amount.

Not Applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance? ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

**PAPERWORK REDUCTION ACT NOTICE**

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95     BACK

*Continuation of Standard Form 95 (Page 1/2)*
*Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No.*
*10822-007), Deceased; and Dianne Sledge*
*June 13, 2007*

Question 8: Basis of Claim

Beginning in March 2005, Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007) was an inmate in the exclusive care and custody of the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice, at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"). Woodland was in poor health at the time; he was being treated for the effects of injuries suffered during an attack on his life in 2002.

During the fall of 2005, after he expressed concerns about the care he was receiving at USMC-Springfield, Woodland's family became deeply concerned. His mother, Dianne Sledge, and his sister, Teresa Sledge, sought to visit him at USMC-Springfield. They requested and received approval from the responsible USMC-Springfield employees ("Medical Center Employees"). Thereafter, on the approved dates and at great personal expense on borrowed funds, they traveled more than one thousand miles by bus from Washington, D.C., to USMC-Springfield in Springfield, Missouri. When Dianne and Teresa Sledge arrived at USMC-Springfield, they identified themselves as Woodland's mother and sister, explained that they had previously received permission to visit Woodland, and asked to see Woodland. Medical Center Employees were aware of the distance Dianne and Teresa Sledge had traveled and the expenses they had incurred. They were also aware of Woodland's failing health. Nonetheless, and despite previously approving visitation, they would not allow Dianne Sledge to see her son. One of the Medical Center Employees said that, although she could arrange a visit with Woodland, she would not. Dianne Sledge never saw her son again. Two months later, on January 29, 2006, Rico Woodland died in federal custody.

This arbitrary, irrational and/or invidious denial of visitation was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Medical Center Employees knew that the denial of visitation would cause Dianne Sledge and Rico Woodland severe emotional distress, particularly in view of Woodland's weak condition. They arbitrarily denied visitation without any legitimate justification knowing that the denial would cause Dianne Sledge and Rico Woodland severe emotional distress. The denial of visitation did, in fact, cause Dianne Sledge and Rico Woodland severe emotional distress.

A Letter of Administration certifying that Steven Sledge is the personal representative of the Estate of Rico Woodland is attached as Exhibit 1. A copy of Woodland's Certificate of Death is attached as Exhibit 2.

In addition to these claims, Woodland's Estate and Woodland's family members have submitted four other independent but factually related claims, including a claim now pending in the U.S. District Court for the District of Columbia, Sledge v. United States, No. 06-0742. Copies of the relevant claim documents are attached as Exhibits 3-6 (Claim Nos. 2007-01012, 2007-01011, 2007-01132, 2005-00259). A copy of the First Amended Complaint in Sledge v. United States, Case No. 06-cv-00742 in the U.S. District Court for the District of Columbia, is attached as Exhibit 7.

*Continuation of Standard Form 95 (Page 2/2)*
*Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No.*
*10822-007), Deceased; and Dianne Sledge*
*June 13, 2007*

<u>Question 10:  Personal Injury</u>

The Federal Bureau of Prisons, through its employees at USMC-Springfield, negligently or intentionally inflicted emotional distress on Rico Woodland and Dianne Sledge by arbitrarily, irrationally and/or invidiously prohibiting Dianne Sledge from visiting her ailing son, Rico Woodland.

The negligence and/or intentional conduct of USMC-Springfield employees caused Woodland to suffer severe emotional distress.  Steven Sledge, personal representative of Woodland's estate, submits this claim on behalf of Woodland's estate pursuant to the Federal Tort Claims Act and Missouri Law.

In addition, the negligence and/or intentional conduct of USMC-Springfield employees caused Dianne Sledge to suffer severe emotional distress.  Dianne Sledge submits this claim pursuant to the Federal Tort Claims Act and Missouri Law.

# EXHIBIT L



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS  66101*

JUL 2 0 2007

Thomas F. Connell
Attorney at Law
1875 Pennsylvania Avenue NW
Washington, DC 20006

Re:     Administrative Claim Number TRT-NCR-2007-04530
        Personal Injury:  $100,000.00

**CERTIFIED NUMBER 7005 1820 0002 3373 4540**

Dear Mr. Connell:

    The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172,  Authority: Federal Tort Claims and 28 C.F.R. Part 14, Administrative Claims Under Federal Tort Claims Act.  Investigation of your client's claim did not reveal he suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

    As a result of this investigation, your client's claim is denied.  This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim.  If your client is dissatisfied with our agency's action, he may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

                         Sincerely,

                         Richard W. Schott
                         Regional Counsel

# EXHIBIT M

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Bureau of Prisons North Central Regional Office<br>Gateway Complex, Inc., Tower II, 8th Floor, 4th and State Avenue<br>Kansas City, Kansas 66101-2492 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Dianne Sledge<br>1811 Gainesville Street S.E., Apartment B<br>Washington, D.C. 20020 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>3/6/48 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>November 2005 | 7. TIME (A.M. OR P.M.)<br>Ongoing |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

   In November 2005, employees of the Federal Bureau of Prisons, an agency of the United States Department of Justice, at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"), arbitrarily prohibited Dianne Sledge from visiting her ailing son, Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007). (See attached.)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Not Applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

   The Federal Bureau of Prisons, through its employees at USMC-Springfield, negligently or intentionally inflicted emotional distress on Rico Woodland and Dianne Sledge by arbitrarily prohibiting Dianne Sledge from visiting her ailing son, Rico Woodland. (See attached.)

| 11. | | WITNESSES | |
|---|---|---|---|
| | NAME | | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $100,000.00 | | $100,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Dianne Sledge* | 13b. Phone number of person signing form<br>(202) 248 ___ 6 | 14. DATE OF SIGNATURE<br>6/14/07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  □ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ⊠ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?    □ Yes    □ No

Not Applicable

17. If deductible, state amount.

Not Applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance?  □ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ⊠ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is *solely* for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95    BACK

*Continuation of Standard Form 95 (Page 1/2)*
*Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No.*
*10822-007), Deceased; and Dianne Sledge*
*June 13, 2007*

Question 8: Basis of Claim

Beginning in March 2005, Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007) was an inmate in the exclusive care and custody of the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice, at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"). Woodland was in poor health at the time; he was being treated for the effects of injuries suffered during an attack on his life in 2002.

During the fall of 2005, after he expressed concerns about the care he was receiving at USMC-Springfield, Woodland's family became deeply concerned. His mother, Dianne Sledge, and his sister, Teresa Sledge, sought to visit him at USMC-Springfield. They requested and received approval from the responsible USMC-Springfield employees ("Medical Center Employees"). Thereafter, on the approved dates and at great personal expense on borrowed funds, they traveled more than one thousand miles by bus from Washington, D.C., to USMC-Springfield in Springfield, Missouri. When Dianne and Teresa Sledge arrived at USMC-Springfield, they identified themselves as Woodland's mother and sister, explained that they had previously received permission to visit Woodland, and asked to see Woodland. Medical Center Employees were aware of the distance Dianne and Teresa Sledge had traveled and the expenses they had incurred. They were also aware of Woodland's failing health. Nonetheless, and despite previously approving visitation, they would not allow Dianne Sledge to see her son. One of the Medical Center Employees said that, although she could arrange a visit with Woodland, she would not. Dianne Sledge never saw her son again. Two months later, on January 29, 2006, Rico Woodland died in federal custody.

This arbitrary, irrational and/or invidious denial of visitation was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Medical Center Employees knew that the denial of visitation would cause Dianne Sledge and Rico Woodland severe emotional distress, particularly in view of Woodland's weak condition. They arbitrarily denied visitation without any legitimate justification knowing that the denial would cause Dianne Sledge and Rico Woodland severe emotional distress. The denial of visitation did, in fact, cause Dianne Sledge and Rico Woodland severe emotional distress.

A Letter of Administration certifying that Steven Sledge is the personal representative of the Estate of Rico Woodland is attached as Exhibit 1. A copy of Woodland's Certificate of Death is attached as Exhibit 2.

In addition to these claims, Woodland's Estate and Woodland's family members have submitted four other independent but factually related claims, including a claim now pending in the U.S. District Court for the District of Columbia, Sledge v. United States, No. 06-0742. Copies of the relevant claim documents are attached as Exhibits 3-6 (Claim Nos. 2007-01012, 2007-01011, 2007-01132, 2005-00259). A copy of the First Amended Complaint in Sledge v. United States, Case No. 06-cv-00742 in the U.S. District Court for the District of Columbia, is attached as Exhibit 7.

*Continuation of Standard Form 95 (Page 2/2)*
*Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No.*
*10822-007), Deceased; and Dianne Sledge*
*June 13, 2007*

Question 10:  Personal Injury

The Federal Bureau of Prisons, through its employees at USMC-Springfield, negligently or intentionally inflicted emotional distress on Rico Woodland and Dianne Sledge by arbitrarily, irrationally and/or invidiously prohibiting Dianne Sledge from visiting her ailing son, Rico Woodland.

The negligence and/or intentional conduct of USMC-Springfield employees caused Woodland to suffer severe emotional distress.  Steven Sledge, personal representative of Woodland's estate, submits this claim on behalf of Woodland's estate pursuant to the Federal Tort Claims Act and Missouri Law.

In addition, the negligence and/or intentional conduct of USMC-Springfield employees caused Dianne Sledge to suffer severe emotional distress.  Dianne Sledge submits this claim pursuant to the Federal Tort Claims Act and Missouri Law.

# EXHIBIT N



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS 66101*

JUL 2 0 2007

Thomas F. Connell
Attorney at Law
1875 Pennsylvania Avenue NW
Washington, DC 20006

Re:    Administrative Claim Number TRT-NCR-2007-04531
       Personal Injury:  $100,000.00

**CERTIFIED NUMBER 7005 1820 0002 3373 4557**

Dear Mr. Connell:

The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>. Investigation of your client's claim did not reveal she suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your client's claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>. If your client is dissatisfied with our agency's action, she may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel