<u>Steven D. Sledge v. The United States of America</u>
Civil Action No. 06-0742

# Exhibit U

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Bureau of Prisons North Central Regional Office Gateway Complex, Inc., Tower II, 8th Floor, 4th and State Avenue Kansas City, Kansas 66101-2492 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No. 10822-007), Deceased 1811 Gainesville Street S.E., Apartment B Washington, D.C. 20020 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 3/7/71 (Woodland) | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT November 2005 | 7. TIME (A.M. OR P.M.) Ongoing |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

In November 2005, employees of the Federal Bureau of Prisons, an agency of the United States Department of Justice, at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"), arbitrarily prohibited Dianne Sledge from visiting her ailing son, Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007). (See attached.)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
Not Applicable

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The Federal Bureau of Prisons, through its employees at USMC-Springfield, negligently or intentionally inflicted emotional distress on Rico Woodland and Dianne Sledge by arbitrarily prohibiting Dianne Sledge from visiting her ailing son, Rico Woodland. (See attached.)

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $100,000.00 | | $100,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signed] Steven Sledge* | 13b. Phone number of person signing form 202-248-3466 | 14. DATE OF SIGNATURE 6-13-2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046    STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No

Not Applicable

17. If deductible, state amount.

Not Applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95 BACK

*Continuation of Standard Form 95 (Page 1/2)*
*Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No. 10822-007), Deceased; and Dianne Sledge*
*June 13, 2007*

Question 8: Basis of Claim

Beginning in March 2005, Rico Woodland (a/k/a Rico Sledge Federal Register No. 10822-007) was an inmate in the exclusive care and custody of the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice, at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"). Woodland was in poor health at the time; he was being treated for the effects of injuries suffered during an attack on his life in 2002.

During the fall of 2005, after he expressed concerns about the care he was receiving at USMC-Springfield, Woodland's family became deeply concerned. His mother, Dianne Sledge, and his sister, Teresa Sledge, sought to visit him at USMC-Springfield. They requested and received approval from the responsible USMC-Springfield employees ("Medical Center Employees"). Thereafter, on the approved dates and at great personal expense on borrowed funds, they traveled more than one thousand miles by bus from Washington, D.C., to USMC-Springfield in Springfield, Missouri. When Dianne and Teresa Sledge arrived at USMC-Springfield, they identified themselves as Woodland's mother and sister, explained that they had previously received permission to visit Woodland, and asked to see Woodland. Medical Center Employees were aware of the distance Dianne and Teresa Sledge had traveled and the expenses they had incurred. They were also aware of Woodland's failing health. Nonetheless, and despite previously approving visitation, they would not allow Dianne Sledge to see her son. One of the Medical Center Employees said that, although she could arrange a visit with Woodland, she would not. Dianne Sledge never saw her son again. Two months later, on January 29, 2006, Rico Woodland died in federal custody.

This arbitrary, irrational and/or invidious denial of visitation was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Medical Center Employees knew that the denial of visitation would cause Dianne Sledge and Rico Woodland severe emotional distress, particularly in view of Woodland's weak condition. They arbitrarily denied visitation without any legitimate justification knowing that the denial would cause Dianne Sledge and Rico Woodland severe emotional distress. The denial of visitation did, in fact, cause Dianne Sledge and Rico Woodland severe emotional distress.

A Letter of Administration certifying that Steven Sledge is the personal representative of the Estate of Rico Woodland is attached as Exhibit 1. A copy of Woodland's Certificate of Death is attached as Exhibit 2.

In addition to these claims, Woodland's Estate and Woodland's family members have submitted four other independent but factually related claims, including a claim now pending in the U.S. District Court for the District of Columbia, Sledge v. United States, No. 06-0742. Copies of the relevant claim documents are attached as Exhibits 3-6 (Claim Nos. 2007-01012, 2007-01011, 2007-01132, 2005-00259). A copy of the First Amended Complaint in Sledge v. United States, Case No. 06-cv-00742 in the U.S. District Court for the District of Columbia, is attached as Exhibit 7.

*Continuation of Standard Form 95 (Page 2/2)*
*Steven Sledge, Personal Representative of the Estate of Rico Woodland (Federal Register No. 10822-007), Deceased; and Dianne Sledge*
*June 13, 2007*

Question 10: Personal Injury

The Federal Bureau of Prisons, through its employees at USMC-Springfield, negligently or intentionally inflicted emotional distress on Rico Woodland and Dianne Sledge by arbitrarily, irrationally and/or invidiously prohibiting Dianne Sledge from visiting her ailing son, Rico Woodland.

The negligence and/or intentional conduct of USMC-Springfield employees caused Woodland to suffer severe emotional distress. Steven Sledge, personal representative of Woodland's estate, submits this claim on behalf of Woodland's estate pursuant to the Federal Tort Claims Act and Missouri Law.

In addition, the negligence and/or intentional conduct of USMC-Springfield employees caused Dianne Sledge to suffer severe emotional distress. Dianne Sledge submits this claim pursuant to the Federal Tort Claims Act and Missouri Law.