<u>**Steven D. Sledge, et al. v. The United States of America**</u>

**Civil Action No. 06-00742-PLF**

# Plaintiffs' Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA     :    CRIMINAL NO. 4:CR-03-364
                             :
            v.               :    (Judge Muir)
                             :
JESSE SPARKS                 :

## STATEMENT OF FACTS IN SUPPORT OF GUILTY PLEA

The United States and the defendant Jesse L. Sparks hereby submit the following statement of facts in support of the guilty plea to Count Three of the Superseding Indictment filed on April 8, 2004.

1. On October 15, 2002, the defendant, Jesse L. Sparks, and Rico Woodland were serving sentences at the Federal Correctional Institution (FCI) - Allenwood. (D/U/UO)

2. The FCI-Allenwood is situated on exclusive Federal jurisdiction property, and consequently is located within the special maritime and territorial jurisdiction of the United States. (D/U/UO)

3. The defendant and inmate Woodland were roommates and housed in cell #109, Unit 3-A. (D/U/UO)

4. At approximately 1:05 p.m., Woodland was found unconscious on the floor of his cell, and laying partially in the doorway of the cell. (D/U/UO)

5. Woodland appeared to have been beaten and kicked about the head and upper body resulting in massive swelling of his face and head. (D/U/UO)

6. Upon investigation it was learned that the defendant and Woodland had engaged in a fight in cell #109. (D/U/UO)

7. A review of a video tape of the unit shows the defendant entering their cell approximately 30 minutes before Woodland is found laying on the cell floor. (D/U/UO)

8. The video tape shows another individual, later identified as inmate Ford-Bey, standing outside cell #109 during the fight between the defendant and Woodland. (D/U/UO)

9. The defendant is observed on the video tape leaving cell #109 just prior to the discovery of Woodland. (D/U/UO)

10. When discovered Woodland was not breathing properly. (D/U/UO)

11. As a consequence, to keep Woodland's airway open, medical personnel at FCI-Allenwood began intubation procedures. (D/U/UO)

12. Woodland was life-flighted by helicopter to the Geisinger Medical Center Trauma Unit, and placed in intensive care. (D/U/UO)

13. Woodland was diagnosed as having complex traumatic brain injury. (D/U/UO)

14. Woodland was eventually stabilized and regained the ability to breath unassisted. (D/U/UO)

15. Woodland was ultimately transferred to a Bureau of Prisons medical facility in Fort Worth, Texas, where he is currently housed for full time care and medical treatment. (D/U/UO)

16. Although Woodland has recovered from the initial vegetative state he was in, he only understands simple words, can only say a few words, and cannot engage in intelligent conversation. (D/U/UO)

17. While Woodland has limited use of his right arm, he remains bed-ridden and is tube-fed. (D/U/UO)

18. His prognosis is that he will never be able to function without assistance. (D/U/UO)

19. An investigation of cell #109 revealed blood spatters on the cell door and walls of the cell. (D/U/UO)

20. Additionally, blood covered work boots and blood covered athletic shoes were found in the cell. (D/U/UO)

21. The defendant was found in cell #211. (D/U/UO)

22. Also found in cell #211 was a white towel with blood on it and a brown shirt with the defendant's name printed on it. (D/U/UO)

23. The defendant was observed to have blood on the bottom of his pant legs. (D/U/UO)

24. When the defendant's shoes were taken off, blood was observed on the sole of his socks. (D/U/UO)

25. The defendant was advised of his Miranda Rights, waived them, and consented to be interviewed by the investigators. (D/U/UO)

26. The defendant stated that he had an altercation with Woodland, and that Woodland had punched him in the mouth and loosened one of his teeth. (D/U/UO)

27. The defendant then stated that he didn't recall what happened during the fight with Woodland, but that he must have beaten up Woodland, because he remembers stepping over him to leave the cell. (D/U/UO)

## CERTIFICATION OF DEFENDANT AND COUNSEL

The defendant, Jesse L. Sparks, and his counsel, Royce Morris, Esquire, hereby certify that they have carefully reviewed and discussed each of the foregoing statement of facts in support of the guilty plea, and that the designations, "D - Disputed", "U - Undisputed", and "UO - Undisputed but Objected to" affixed thereto are correctly entered.

_____          Date: August 20, 2004
Jesse L. Sparks, Defendant

_____ for him  Date: 8/20/04
Royce Morris, Esquire
Attorney for Defendant