<u>Steven D. Sledge, et al. v. The United States of America</u>

Civil Action No. 06-00742-PLF

**Plaintiffs' Exhibit 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVEN D. SLEDGE, In His Capacity As Personal Representative Of The Estate Of RICO WOODLAND, Deceased; And DIANNE D. SLEDGE,<br><br>             Plaintiffs,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Case No. 1:06-CV-00742-PLF |

## DECLARATION OF TERESA SLEDGE

I, Teresa Sledge, hereby declare:

1. I am the sister of Rico Woodland, the decedent in this case.

2. I am now, and was in 2005, a resident of the District of Columbia.

3. In March 2005, Rico was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMCFP-Springfield"). I spoke with Rico's case manager at USMCFP-Springfield on several occasions over the following months.

4. My family and I submitted paperwork requesting that we be placed on the list of approved visitors for Rico at USMCFP-Springfield. We were informed that our request was approved and that our names had been added to the list of approved visitors.

5. Beginning in the summer of 2005, I spoke with Rico's case manager about visiting Rico on specific dates. The case manager informed me that in order to visit Rico, my family and I would need the Warden's approval for specific dates.

6. The process required at least two telephone calls. During the first call, I would ask the case manager for permission to visit Rico. The case manager would relay our request to the Warden for approval. During the second call (which was usually initiated by me), the case manger would relay the Warden's decision.

7. I obtained approval for my family to visit in July 2005. However, because we did not have enough money to go, we were unable to travel to Missouri at that time. I called the case manager to inform her that we would not be able to attend the approved visit.

8. About a week before November 12, 2005, on behalf of myself and my mother Dianne Sledge, I called Rico's case manager to arrange a visit. I asked for a visit on November 12, 2005. The case manager said that she would relay our request to the Warden.

9. A few days later, I called to ask whether our visit had been approved. The case manager confirmed that the Warden had approved our visit.

10. My mother and I then traveled by bus to Springfield, Missouri. We arrived at USMCFP-Springfield on the approved date, November 12, 2005. We identified ourselves as Rico's mother and sister, explained that we had permission to visit, and asked to see Rico.

11. We were processed through security. We were first guided through metal detectors. Next, one of the guards instructed me to reverse my shirt (so the logo would not be visible). I complied with that request.

12. My mother and I then believed we were about to see Rico. We were shocked when one USMCFP-Springfield employee arrived and told us that a visit would not be possible.

13. I have reviewed the "Declaration of Crystal Rinker." The declaration is wrong. My mother and I did have permission for our visit on November 12, 2005, and nobody "offered to arrange a visit in the next few days." I never "refused" to visit my brother and my mother never "refused" to see her son.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of January, 2008.

_Teresa Sledge_
Teresa Sledge