<u>Steven D. Sledge, et al. v. The United States of America</u>

Civil Action No. 06-00742-PLF

# Plaintiffs' Exhibit 6

WILMERHALE

Demian S. Ahn

December 21, 2007

+1 202 663 6736 (t)
+1 202 663 6363 (f)
demian.ahn@wilmerhale.com

Marian L. Borum, Esq.
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
555 4th Street NW
Washington, D.C. 20530

Re:   Sledge v. United States, Case No. 1:06-CV-00742-PLF

Dear Ms. Borum:

I write this letter to express our concern over your decision rejecting our offer to meet and confer as required by Federal Rule of Civil Procedure 26(f). While our clients may have different perspectives on case management, we do not understand why a meeting to discuss the issues is impracticable at this time. This case has been pending for almost two years—and because we first requested a meeting in November, there has been more than enough time to plan for a meeting in January.

We are also concerned that the decision refusing the meet-and-confer appears to be part of a larger pattern by the Bureau of Prisons ("BOP"). Despite requests beginning in April 2006, the BOP has failed to provide plaintiffs even a single document concerning Rico Woodland. For example, Steven Sledge first requested Rico Woodland's medical records on April 23, 2006. We renewed that request under the Freedom of Information Act ("FOIA") on March 23, 2007.[1] We have not received any documents responding to those requests.

Instead, we received a response claiming that the documents were "not yet available" as of April 4, 2007—despite the fact that the file was available for the April 9, 2007 Affidavit of James Lyons (attached to the United States' recent motion to dismiss). The relevant documents must also have been available to the BOP in connection with plaintiffs' administrative claims; the BOP correspondence denying those claims stated that Woodland had not suffered any injury caused by BOP negligence. We trust that the BOP would not have made those statements without having first compiled and reviewed the relevant documents.

Moreover, while we submitted additional FOIA requests on April 24, 2007, and May 14, 2007, we have not received any documents in response to those requests. Instead, we recently received a letter seeking our agreement to pay search fees—despite the fact that our original request letter specifically stated our agreement to pay any such fees.

---

[1] When the BOP requested documents in connection with the administrative claims underlying Counts III and IV, plaintiffs provided all documents available to them. Plaintiffs requested similar cooperation from the BOP. See Letters to Joseph T. McGuire, dated April 4, 2007. None was forthcoming.

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Marian L. Borum, Esq.
December 21, 2007
Page 2

We ask that, in light of the above history, you reconsider your decision rejecting our offer for a meet-and-confer. We believe a good faith meet-and-confer would serve the interests of both parties, not least by preventing unnecessary motions practice. Finally, we ask your assistance in obtaining the documents we have already requested. It is clear that many relevant documents have been compiled and reviewed by your client. We see no legitimate reason for further delay.

If you would like to discuss these matters at any time, please feel free to email me or call me at (202) 663-6736. I look forward to your response.


Sincerely,

Demian Ahn

USIDOCS 6491144v1