<u>Steven D. Sledge, et al. v. The United States of America</u>

Civil Action No. 06-00742-PLF

# Plaintiffs' Exhibit 10

WILMERHALE

BY FEDERAL EXPRESS

April 4, 2007

Joseph T. McGuire
Legal Department
USMCFP/FBOP
1900 West Sunshine Street
Springfield, Missouri 65809

Thomas F. Connell

+1 202 663 6257 (t)
+1 202 663 6363 (f)
thomas.connell@wilmerhale.com

Re: **Federal Tort Claim, 2007-01011 filed on December 4, 2006**
**Steven Sledge on behalf of the Estate of Rico Woodland**
**Personal Injury**

Dear Mr. McGuire:

This responds to your letter dated March 5, 2007, in which you requested additional information regarding the above-referenced claim. We have provided specific written responses below. Where appropriate, we have attached additional relevant documents.

As an initial matter, we respectfully disagree with your assertion that Mr. Sledge's claim (filed on behalf of the Estate of Rico Woodland) is "too vague to investigate." Indeed, we would be surprised if no investigation has been conducted to date. Mr. Woodland was a federal prisoner who died in federal custody—and in light of the claim Mr. Woodland had previously lodged with the Bureau of Prisons ("BOP"), the BOP had notice that Mr. Woodland's death would likely be the subject of litigation. *See* Admin. Tort Claim No. TRT-NER-2005-00259 (attached to Mr. Sledge's Form 95 as Exhibit 5).

Mr. Sledge's Form 95 provided all of the information necessary for an investigation, including Mr. Woodland's register number, the date of death, and the proximate cause of death. Moreover, the vast majority of the evidence—including evidence relating to your requests for information—is within the sole custody of the BOP.

We have requested relevant documents under the Freedom of Information Act; that request is pending. We ask that your office facilitate timely responses to our FOIA requests. Finally, if your office has control over any additional records related to Mr. Woodland, we hereby request that you provide them to us. We make these requests not only because Mr. Sledge is legally entitled to the documents, but also because we intend to make a good faith effort to achieve an appropriate resolution to Mr. Sledge's claim.

We will supplement this letter with additional information as your client makes it available.

Joseph T. McGuire
April 4, 2007
Page 2

WILMERHALE

\*\*\*\*\*

**Request 1. Who was negligent?**

     Mr. Sledge brings this personal injury claim on behalf of the Estate of Rico Woodland. The claim is based on injuries, pain and suffering that Mr. Woodland experienced while he was incarcerated at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri ("USMC-Springfield"). Mr. Woodland's injuries were proximately caused by BOP employees, who were negligent, grossly negligent, and/or reckless in failing to provide Mr. Woodland adequate sustenance and/or medical care. Mr. Woodland suffered these injuries from approximately March 2005, when he arrived at USMC-Springfield, until January 29, 2006, when he died.

     Mr. Woodland was originally injured while he was serving a term of imprisonment at Federal Correctional Institution Allenwood. He was assaulted by individuals including other inmates on October 15, 2002. Before the attack, the responsible BOP employees knew or should have known that Mr. Woodland was in grave danger. They failed to take any action to prevent the attack or protect Mr. Woodland. During the attack, the responsible BOP employees knew or should have known that Mr. Woodland was being viciously assaulted. They failed to take any action to stop the attack or protect Mr. Woodland.

     Mr. Woodland suffered grievous injuries during the attack. Nonetheless, with adequate sustenance and appropriate care, he likely would have recovered more fully. Thus, while he continued to suffer great pain, his condition improved while he was hospitalized at the Fort Worth Federal Medical Center. Indeed, after he regained consciousness, Mr. Woodland was able to resume contact with his family, including his daughter Angelic Higgins, his sister Teresa Sledge, his brother Steven Sledge, and his mother, Dianne Sledge.

     However, after Mr. Woodland was transferred to USMC-Springfield in about March 2005, his condition deteriorated rapidly. The responsible BOP employees at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care. Those responsible employees knew or should have known that Mr. Woodland was not receiving adequate care, but nonetheless failed to provide adequate care. Their negligent, grossly negligent, and/or reckless failures proximately caused Mr. Woodland immense pain and suffering and, later, proximately caused his death.

     Before he died, Mr. Woodland complained to his family that he was receiving inadequate care. At least one other inmate expressed similar concerns about the care provided to Mr. Woodland. Consequently, Mr. Woodland's family became anxious. His mother Dianne Sledge, accompanied by her daughter Teresa, attempted to visit Mr. Woodland at USMC-Springfield. Ms. Sledge and her daughter requested and received permission from the responsible BOP employees to make their visit. Ms. Sledge and her daughter traveled more than one thousand miles by bus from Washington, D.C., to Springfield, Missouri. But when they arrived, the responsible BOP employees improperly prevented them from seeing Mr. Woodland in person.

Joseph T. McGuire
April 4, 2007
Page 3

WILMERHALE

If Ms. Sledge had been allowed access to Mr. Woodland, she would have discovered first-hand the inadequacies in the care, treatment and sustenance Mr. Woodland was receiving. She likely would have discovered information about the identities of the individual BOP employees who were responsible for what occurred. However, because she was prevented from visiting Mr. Woodland, Ms. Sledge and her family were unable to obtain that information and other relevant information.

Finally, the Certificate of Death provided to Mr. Woodland's family appears to contain materially inaccurate information about the causes of Mr. Woodland's death. While the Certificate of Death states that no autopsy was performed, Mr. Sledge observed evidence that an autopsy had been performed. Specifically, he and other members of Mr. Woodland's family observed on Mr. Woodland medical staples usually associated with an autopsy.

If Mr. Woodland's family had been provided accurate information about the autopsy and the causes of death, Mr. Sledge likely would have discovered further information about the negligence that caused Mr. Woodland's injuries and, ultimately, his death. Mr. Sledge likely would have discovered information about the identities of the individual BOP employees who were responsible for what occurred. However, because the Certificate of Death does not provide information about any autopsy, Mr. Sledge was unable to obtain that information and other relevant information.

**(A) Please identify every federal employee that you believe committed negligence or malpractice (28 C.F.R. Section 14.4(a)(8))?**

See above response to Request 1. The BOP employees responsible for Mr. Woodland's care at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care.

We reserve the right to supplement this response with additional information as it becomes available to us.

**(B) For every person you identify as negligent, please describe the negligent act or omission that occurred?**

See above response to Request 1. The BOP employees responsible for Mr. Woodland's care at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care.

We reserve the right to supplement this response with additional information as it becomes available to us.

**C) For every individual you identified in your answer to question 1, please identify the standard of care that the individual failed to follow regarding Rico Woodland's care and treatment?**

Joseph T. McGuire
April 4, 2007
Page 4

WILMERHALE

    See above response to Request 1. The BOP employees responsible for Mr. Woodland's care at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care.

    We reserve the right to supplement this response with additional information as it becomes available to us.

**(D) For every individual you identified in your answer to question 1, please identify how the individuals failed to properly diagnose Rico Woodland's condition?**

    See above response to Request 1. The BOP employees responsible for Mr. Woodland's care at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care.

    We reserve the right to supplement this response with additional information as it becomes available to us.

**(E) For every individual you identified in your answer to question 1, please identify how the individual failed to properly treat Rico Woodland's condition?**

    See above response to Request 1. The BOP employees responsible for Mr. Woodland's care at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care.

    We reserve the right to supplement this response with additional information as it becomes available to us.

**(F) For every individual you identified in your answer to question 1, please identify that day(s) on which negligent acts or omissions occurred.**

    See above response to Request 1. The BOP employees responsible for Mr. Woodland's care at USMC-Springfield were negligent, grossly negligent, and/or reckless in failing to provide adequate sustenance and/or medical care.

    We reserve the right to supplement this response with additional information as it becomes available to us.

**Request 2. Who are your experts?**

    We have not yet retained any expert witnesses.

    We reserve the right to supplement this response as appropriate.

**(A) Please identify if you have consulted with any experts about your claim?**

Joseph T. McGuire
April 4, 2007
Page 5

WILMERHALE

See above response to Request 2.

We reserve the right to supplement this response as appropriate.

**(B) If you have consulted with any experts, please provide each expert's name, address, and telephone number?**

See above response to Request 2.

We reserve the right to supplement this response as appropriate.

**(C) If you are willing to do so, please provide a copy of each expert's report supporting your claim?**

See above response to Request 2.

We reserve the right to supplement this response as appropriate.

**Request 3. What are your damages?**

Mr. Sledge brings this personal injury claim on behalf of the Estate of Rico Woodland. The claim is based on injuries proximately caused by BOP employees at USMC-Springfield, who were negligent, grossly negligent, and/or reckless in failing to provide Mr. Woodland adequate sustenance and/or medical care. Mr. Woodland suffered injuries including severe pain, hunger, and illness.

The negligence, gross negligence, and/or recklessness of BOP employees at USMC-Springfield further deprived Mr. Woodland of any chance to recover from his injuries (including injuries suffered before his transfer to USMC-Springfield, as well as injuries suffered after he arrived at USMC-Springfield).

We reserve the right to supplement this response as appropriate.

**(A) Provide documents that evidence your legal authority of Steven Sledge to pursue a claim on behalf of the decedent Rico Woodland's estate. 28 C.F.R. Section 14.2(a)?**

Mr. Sledge previously provided, with his Form 95, proof of his authority to maintain claims on behalf of the Estate of Rico Woodland. *See* Exhibit 1 to Mr. Sledge's Form 95. For your convenience, an additional copy of Mr. Sledge's Letter of Administration is provided as **[BOP-MO 000001]**.

Joseph T. McGuire
April 4, 2007
Page 6

WILMERHALE

(B) Provide the full names, addresses, birth dates, kinship and marital status of Rico Woodland's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death. 28 C.F.R. Sections 14.4(a)(3) and (4)?

Dianne B. Sledge
1811 Gainesville Street S.E. #B
Washington D.C., 20032
Relationship to Rico Woodland: Mother
Date of Birth: 3/6/1948
Marital Status: Divorced

Angelic Higgins
2701 Robinson Place S.E. #403
Washington D.C. 20020
Relationship to Rico Woodland: Daughter
Date of Birth: 1/16/1987
Marital Status: Single

Andrea Henson
14 N Street N.W.
Washington D.C., 20001
Relationship to Rico Woodland: Daughter
Date of Birth: 4/13/1987
Marital Status: Single

Eric Harper
4010 Livingston Road S.E. #202
Washington D.C., 20032
Relationship to Rico Woodland: Son
Date of Birth: 7/8/1988
Marital Status: Single

Steven Sledge
1811 Gainesville Street S.E. #B
Washington D.C., 20032
Relationship to Rico Woodland: Brother
Date of Birth: 10/27/1973
Marital Status: Single

Teresa Sledge
14 N Street NW
Washington D.C., 20001
Relationship to Rico Woodland: Sister
Date of Birth: 3/11/1967
Marital Status: Single

Robert Williams
1811 Gainesville Street S.E. #B
Washington D.C., 20032
Relationship to Rico Woodland: Brother
Date of Birth: 1/7/1980
Marital Status: Single

Jeffrey Sledge
1811 Gainesville Street S.E. #B
Washington D.C., 20032
Relationship to Rico Woodland: Brother
Date of Birth: 9/2/1968
Marital Status: Single

Will Sledge
7th Street SE #302
Washington D.C., 20032
Relationship to Rico Woodland: Brother
Date of Birth: 3/16/1979
Marital Status: Single

(C) Provide financial information concerning the degree of support afforded by Rico Woodland to each survivor dependent upon his support at the time of his death. 28 C.F.R. Section 14.4(a)(4)?

Joseph T. McGuire
April 4, 2007
Page 7

WILMERHALE

At the time of his death, Mr. Woodland was unable to provide financial support to any of his survivor dependents. However, if BOP employees had not caused Mr. Woodland's death through their negligence, gross negligence, and/or recklessness, Mr. Woodland would have provided substantial support to his mother, Dianne Sledge, and his children, Angelic Higgins, Andrea Henson, and Eric Harper.

**(D) If you claim damages for Rico Woodland's pain and suffering prior to his death, please provide a physician's detailed statement specifying the injuries suffered, and the duration of the pain and suffering, any drugs administered for pain. 28 C.F.R. Section 14.4(a)(7)?**

Beginning in approximately March 2005, when Mr. Woodland was transferred to USMC-Springfield, BOP employees were negligent, grossly negligent, and/or reckless in failing to provide Mr. Woodland adequate sustenance and/or medical care. As a result, Mr. Woodland suffered tremendous pain and suffering until his death on January 29, 2006.

We reserve the right to supplement this response as additional information becomes available to us.

**(E) Because the United States may not be subjected to punitive damages or prejudgment interest under the provisions of 28 U.S.C. Section 2674 with regard to the wrongful death claim, how did you arrive at your request for damages for wrongful death totaling $10 million?**

See above responses to Request 3, 3(C), and 3(D).

We reserve the right to supplement this response as additional information becomes available to us.

4.      **Witnesses and relevant documents. 28 C.F.R. Section 14.4(a)(8).**

**(A) Please list the name, address, and telephone number of every witness who has information supporting your claim or information relevant to your claim? See also, Rule 26(a)(1)(A), Fed.R.Civ.P.**

We object to this request as vague, ambiguous and unduly burdensome insofar as it requests identification of "every witness who has . . . information relevant to your claim." However, subject to that objection, the following witnesses may have relevant information:

Dianne B. Sledge
1811 Gainesville Street S.E. #B
Washington D.C., 20032
(202) 248-3466

Angelic Higgins
2701 Robinson Place S.E. #403
Washington D.C. 20020

Joseph T. McGuire
April 4, 2007
Page 8

WILMERHALE

Andrea Henson
14 N Street N.W.
Washington D.C., 20001
(202) 277-7479

Eric Harper
4010 Livingston Road S.E. #202
Washington D.C., 20032

Steven Sledge
1811 Gainesville Street S.E. #B
Washington D.C., 20032
(202) 248-3466

Teresa Sledge
14 N Street NW
Washington D.C., 20001
(202) 277-7479

Robert Williams
1811 Gainesville Street S.E. #B
Washington D.C., 20032
(202) 248-3466

Jeffrey Sledge
1811 Gainesville Street S.E. #B
Washington D.C., 20032
(202) 248-3466

Will Sledge
7th Street S.E. #302
Washington D.C. 20032
(202) 489-6289

Thomas Anthony Ferrara
Inmate, USMC-Springfield
Last Known Address:
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807

Nicholas Perez
Inmate, USMC-Springfield
Last Known Address:
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807

Ms. Carriger (First Name Unknown)
Case Manager
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807
(417) 862-7041

Pat Day
Case Manager
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807
(417) 862-7041

Sharon Bennett
Case Manager
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807
(417) 862-7041

Dr. Robert E. King, M.D.
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807
(417) 862-7041

Dr. Robert H. Hazelwood M.D.
USMC-Springfield
1900 West Sunshine Street
Springfield, MO 65807
(417) 862-7041

Joseph T. McGuire
April 4, 2007
Page 9

WILMERHALE

| | |
|---|---|
| Robert Wilson<br>Inmate, Fort Worth Federal Medical Center<br>Last Known Address:<br>FCI Fort Worth<br>3150 Horton Road<br>Fort Worth, TX 76119 | Dr. Hernan Reyes, M.D.<br>Fort Worth Federal Medical Center<br>FCI Fort Worth<br>3150 Horton Road<br>Fort Worth, TX 76119<br>(817) 534-8400 |
| Melissa Robertson<br>Fort Worth Federal Medical Center<br>FCI Fort Worth<br>3150 Horton Road<br>Fort Worth, TX 76119<br>(817) 534-8400 | Jesse Sparks<br>Inmate, FCI-Allenwood<br>FCI-Allenwood<br>Route 15<br>White Deer, PA 17810 |
| Ishmael Ford-Bey<br>Last Known Address:<br>FCI-Allenwood<br>Route 15<br>White Deer, PA 17810 | Glenda Freeman<br>Freeman Funeral Services<br>4594 Beech Road<br>Temple Hills, MD 20772<br>(301) 316-3733 |

We reserve the right to supplement this response with additional information as it becomes available to us.

**(B) Please identify each and every document, exhibit, or tangible thing in your possession, custody, or control that supports your claim or is relevant to your claim?**

We object to this request as vague, ambiguous and unduly burdensome insofar as it requests identification of "every document . . . relevant to your claim." However, subject to that objection, we hereby produce the following documents:

| | |
|---|---|
| **BOP-MO 000001:** | Letter of Administration for Steven Sledge |
| **BOP-MO 000002:** | Birth Certificate for Rico Woodland |
| **BOP-MO 000003:** | Certificate of Death for Rico Woodland |
| **BOP-MO 000004 - BOP-MO 000019:** | Documents Related to Funeral Expenses |
| **BOP-MO 000020 - BOP-MO 000035:** | Documents Related to Admin. Tort Claim No. TRT-NER-2005-00259 |
| **BOP-MO 000036 - BOP-MO 000039:** | Documents Related to BOP Denial of Visitation |
| **BOP-MO 000040 - BOP-MO 000168:** | Documents Related to *U.S. v. Sparks*, et al. |
| **BOP-MO 000169 - BOP-MO 000173:** | Documents Related to *U.S. v. Sledge* |
| **BOP-MO 000174 - BOP-MO 000176:** | Documents Related to Inmate Rico Woodland |

Joseph T. McGuire
April 4, 2007
Page 10

**WILMERHALE**

**BOP-MO 000177 - BOP-MO 000208:**  Documents Related to Correspondence From Rico Woodland
**BOP-MO 000209 - BOP-MO 000214:**  Photographs
**BOP-MO 000215 - BOP-MO 000244**  Documents Related to *Sledge v. United States*

We reserve the right to supplement this response with additional information as it becomes available to us.

*****

If you have any questions, please feel free to contact me at the above-listed telephone number and address. You may also contact my colleague, Demian Ahn at (202) 663-6736.

Sincerely,

Thomas F. Connell
Demian S. Ahn